IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> XEROX STATE HEALTHCARE, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br> 3:15-cv-00427 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Victoria Dozier ("Dozier"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Xerox State Healthcare, LLC ("Defendant") failed to provide Dozier with a reasonable accommodation for her disability. Dozier was an applicant at the time she requested the accommodation. Defendant also failed to hire Dozier because of her disability.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1)

1

and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Delaware limited liability company, has continuously been doing business in the State of North Carolina and the City of Charlotte, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Dozier filed a charge with the Commission alleging Defendant violated Title I of the ADA.

8. On July 1, 2015 the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with defendant(s) to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 3, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. In late September 2014, Defendant engaged in unlawful employment practices at its Charlotte, NC facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Dozier, an applicant for employment, with a reasonable accommodation and by refusing to hire Dozier because of her disability.

14. Dozier has a disability within the meaning of the ADA in that she suffers from End Stage Renal Disease, for which no renal recovery is expected. The disease has resulted in total kidney failure for Dozier, and thus substantially limits Dozier in the

major life activity of expelling waste and excess water from her body. Dozier has been receiving hemodialysis treatment since approximately October 2006.

15. On or about September 25, 2014, Dozier received a written employment offer from Defendant for the position of Customer Care Senior Assistant in Charlotte, NC. The offer was contingent upon successful completion of a pre-employment drug screening.

16. On or about September 26, 2014, Dozier reported to an assigned lab, (the "Laboratory") , to complete the required drug screening. Upon learning that the drug screening was based on a urine analysis, Dozier informed the lab representative of her disability which prevented her from providing a urine sample. Further, she told the lab representative that her dialysis center could perform a drug test in lieu of urine testing.

17. According to Dozier, the lab representative responded that the Laboratory was not authorized by Defendant to conduct the testing in any other manner besides urine testing, and that if Dozier declined to provide a urine sample, the lab records would show she refused to take the test. The lab representative instructed Dozier to return to Defendant to explain her situation.

18. Dozier immediately drove to Defendant's facility and discussed the drug screen and her disability with Defendant's Recruiter. Specifically, Dozier explained to the Recruiter that she was unable to complete the urine-based drug screening because of her disability. Further, she made the Recruiter aware of a possible accommodation for her disability in that her dialysis center would facilitate a drug test.

19. The Recruiter did not engage Dozier in a discussion about her condition or

4

her request for a reasonable accommodation. Instead, the Recruiter e-mailed Defendant's Recruiting Manager ("Manager"), about Dozier's situation. When the Recruiting Manager did not immediately respond to the email, the Recruiter instructed Dozier to follow up with him (the Recruiter) a few days later, on or about September 29, 2014.

20. Dozier telephoned the Recruiter on or about September 29, 2014, pursuant to his instruction. However, the Recruiter still had no response to Dozier's request for an accommodation. Defendant never contacted Dozier again about her request for an accommodation or the job offer that had been made to her.

21. Defendant failed to grant Dozier a reasonable accommodation for her disability. Defendant also failed to hire Dozier.

22. The Laboratory acted as Defendant's agent during Defendant's hiring process with respect to the drug screening of Dozier.

23. When she reported for drug screening, Dozier notified the lab representative of her disability and requested a reasonable accommodation. However, the Laboratory provided no information to Defendant regarding Dozier's need for an accommodation, and made no effort to accommodate her. The Laboratory merely relayed to Defendant that Dozier refused to take the required drug test.

24. Defendant is liable for the failure of the Laboratory, which acted as Defendant's agent, to provide Dozier with a reasonable accommodation.

25. Based on the allegations above, Defendant failed to provide Dozier with a reasonable accommodation during the hiring process, specifically, a drug screen that did not require a urine sample, and Defendant failed to hire Dozier because of her disability.

26. The effect of the practices complained of above has been to deprive Dozier of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Dozier.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices, including providing reasonable accommodations to applicants who have a disability.

C. Order Defendant to make Dozier whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Dozier whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described

above, in amounts to be determined at trial.

E. Order Defendant to make Dozier whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Dozier punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

This 17th day of September, 2015.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

7

Case 3:15-cv-00427-FDW-DCK   Document 1   Filed 09/17/15   Page 7 of 8

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

/**s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

/**s/ Darryl L. Edwards**
DARRYL L. EDWARDS (PA Bar ID #205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6467
Facsimile: (704) 954-6412
E-mail: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**